IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:13-cr-7 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| PAUL FOX, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/REDUCTION IN SENTENCE (Doc. 32)**

This case is before the Court on Defendant Paul Fox's Motion for Compassionate Release/Reduction in Sentence. (Doc. 32.) The Government has filed a memorandum in opposition. (Doc. 34.) For the reasons set forth below, the Court denies Mr. Fox's motion.

On April 24, 2013, Mr. Fox entered a plea of guilty to one count of Receipt of Child Pornography, in violation of 21 U.S.C. § 2252(a)(2). (Doc. 19.) On January 7, 2014, he was sentenced to 144 months of imprisonment, followed by a lifetime of supervised release. (Doc. 26.) He has now filed a Motion for Compassionate Release due to the COVID-19 pandemic. (Doc. 32.) The Government opposes Mr. Fox's motion for failure to exhaust administrative remedies. (Doc. 34.)

This Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Certain statutory exceptions apply, however. Under § 3582(c)(1)(A), the Court may modify a term of imprisonment upon the motion of the Director of the

Bureau of Prisons. Prior to the First Step Act of 2018, only the Director of the Bureau of Prisoners could move for compassionate release. *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *1 (6th Cir. June 2, 2020). But the First Step Act added another recourse for inmates seeking a sentence modification. *See* First Step Act of 2018, § 603, Pub. L. No. 115-391, 132 Stat. 5239. It amended § 3582(c) to permit a district court to modify a term of imprisonment upon the motion of an inmate after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If any of these pieces is in place, then the Court, after considering the § 3553(a) factors, may modify a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" or if the inmate is at least 70 years old, has served at least 30 years in prison, and meets other specific conditions. *Id.*

Mr. Fox makes appeal to the First Step Act, claiming that the COVID-19 pandemic and the conditions inside the prison constitute extraordinary and compelling circumstances justifying his early release. (Doc. 32 at 2-3.) The Government, for its part, recognizes that the First Step Act expanded the availability of compassionate release for inmates. But the Government also points out that Mr. Fox has failed to exhaust his administrative remedies before asking this Court to reduce his sentence.

"When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Alam*, 2020 WL 2845694, at *3 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17, 199 L.Ed.2d 249 (2017)). As the Sixth Circuit has recently observed,

2

the exhaustion requirement is mandatory. *Id.* at *2. If the Director of the Bureau of Prisons does not move for compassionate release, then the inmate can—but only after he has "fully exhausted all administrative rights to appeal" the prison's failure to bring a motion on his behalf, or 30 days after his request to the prison. 18 U.S.C. § 3582(c)(1)(A). When it comes to a statutory exhaustion provision, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Ross v. Blake*, 136 S. Ct. 1850, 1857, 195 L. Ed. 2d 117 (2016). Here, the statutory text is not amenable to a judge-made exception. *Alam*, 2020 WL 2845694, at *3. Since the text contains no exception to the mandatory exhaustion requirement, the Court must simply apply the text. *Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 194, 61 L. Ed. 442 (1917) (when a statute's meaning is plain, "the sole function of the courts is to enforce it according to its terms").

Nothing in Mr. Fox's motion, liberally construed as a pro se document, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), suggests that he exhausted his administrative rights as required by § 3582(c). Though he questions the prison's ability to deal with the fallout of COVID-19, he makes no reference to any attempt to first ask the prison or the warden to bring a motion on his behalf. Given Mr. Fox's inability to establish that he has exhausted his Bureau of Prisons remedies, or that either condition of the statutory exhaustion requirement has been fulfilled, the Court must deny the motion. Since the Sixth Circuit's recent guidance also indicates that dismissal without prejudice is appropriate for a failure to exhaust, the Court will apply that remedy here. *Alam*, 2020 WL 2845694, at *5.

Accordingly, Mr. Fox's motion for compassionate release is **DENIED WITHOUT**

PREJUDICE.

IT IS SO ORDERED.

By: _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND