IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:13-cr-7 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| PAUL FOX, | : | |
| | : | |
| Defendant. | : | |

---

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (Doc. 36)

---

This case is before the Court on Defendant Paul Fox's second Motion for Compassionate Release. (Doc. 36.) The Government has filed a memorandum in opposition. (Doc. 39.) For reasons explained below, the Court denies Fox's motion.

In 2014, Fox pleaded guilty to receipt of child pornography. He received a 144-month sentence, after which he will be on supervised release for the rest of his life. (Doc. 27.) He requested early release last year. (Doc. 32.) But since he failed to exhaust his administrative rights before moving for compassionate release, the Court denied his motion without prejudice. *See United States v. Fox*, No. 1:13-CR-7, 2020 WL 3545675 (S.D. Ohio June 30, 2020).

On January 18 of this year, Fox wrote to the warden of Federal Correction Institution – Ashland, asking for compassionate release so he could take care of his 91-year old mother. He advised that he had served almost eight years of his sentence. Seven days later, the warden responded that prison policy did not allow release for the purpose

of caring for an aging parent. (Doc. 36-1.)

On March 24, he filed his second motion for compassionate release. By Fox's account, he has served 83.4 percent of his 12-year sentence. He has contracted and, fortunately, recovered from COVID-19. He offers several arguments which, he says, constitute extraordinary and compelling reasons for his early release: the potential long term health effects of having contracted COVID-19; his potential role as caregiver for his elderly mother; and a laudable record of rehabilitation, good behavior, and completion of several programs while incarcerated.

A federal court, with some exceptions, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is a motion for compassionate release under the First Step Act. *See* First Step Act of 2018, § 603, Pub. L. No. 115-391, 132 Stat. 5239. Such motions may be filed either by the Director of the Bureau of Prisons or, more commonly, the defendant after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In the case of properly filed motions for compassionate release, a district court takes note of three statutory considerations. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). First, do "extraordinary and compelling reasons" warrant reducing the sentence? 18 U.S.C. § 3582(c)(1)(A)(i). Second, is reducing the sentence consistent with applicable policy statements issued by the Sentencing Commission? The Commission's policy statement on compassionate release is in U.S.S.G. § 1B1.13. *United States v. Jones*, 980 F.3d

2

1098, 1108 (6th Cir. 2020). The Sixth Circuit, however, has recognized that, while § 1B1.13 applies to BOP-filed motions, it is an inadequate independent basis on which to deny defendant-filed motions for compassionate release. *Id.* at 1110; *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). Third, do any applicable § 3553(a) sentencing factors support a sentence reduction? *Ruffin*, 978 F.3d at 1005. In granting a compassionate release motion, a district court must address all three steps. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). But, if any of these prerequisites is lacking, a district court may deny a motion for compassionate release without addressing the others. *Id.* And, since the First Step Act renders § 1B1.13 inapplicable to defendant-filed motions for compassionate release, a district court resolving such a motion may focus on steps one and three. *United States v. Hampton*, 986 F.3d 951, 953 (6th Cir. 2021). The district court has substantial discretion in resolving compassionate release motions. *Ruffin*, 978 F.3d at 1005.

The Government maintains that Fox failed to meet the exhaustion requirement, thereby depriving this Court of jurisdiction; Fox has not established extraordinary and compelling releases justifying release; his release would endanger the public; and the sentencing factors under § 3553(a) weigh against his release.

Starting with jurisdiction, the Government is mistaken that the administrative exhaustion requirement in § 3582(c)(1)(A) is jurisdictional. The Sixth Circuit has held that nothing in that exhaustion requirement limits federal court jurisdiction. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). But the Government is correct that, when properly invoked, mandatory claim-processing rules must be enforced. *Id.* at 834. And the

3

administrative exhaustion requirement and the 30-day time limitations are claim-processing rules. *See id.* at 833.

Here, though, Fox has complied with the claim-processing component of § 3582(c)(1)(A). The statute requires that an inmate's motion for compassionate release come after he has fully exhausted the administrative rights to appeal the BOP's failure to bring a motion on his behalf, or after 30 days have passed since the warden has received the inmate's request, "*whichever is earlier.*" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The "whichever is earlier" phrase is disjunctive—whichever event happens first is the relevant event when determining whether the inmate has complied with the claims-processing rule. *See Alam*, 960 F.3d at 833 (noting that the statute requires inmates to fully exhaust their administrative rights "or else they must wait for 30 days after the warden [receives their request]"). Relevant to this motion, Fox wrote to the warden in January. The response seven days later shows that the warden received the request no later than January 25. Fox filed his motion on March 24—over 30 days later. Here, then, it is the 30-day time limitation that applies, not the administrative exhaustion requirement. And Fox has complied with that claim-processing rule.

That leaves whether extraordinary and compelling reasons warrant Fox's early release or whether the § 3553(a) factors justify his release. District courts may, even when extraordinary and compelling reasons are present, resolve these questions on § 3553(a). *Elias*, 984 F.3d at 519; *Ruffin*, 978 F.3d at 1008. And that is the dispositive consideration here. *United States v. Tomes*, 990 F.3d 500, 503 (6th Cir. 2021) (a district court may use § 3553(a) as an independent reason to deny relief); *United States v. Navarro*, 986 F.3d 668,

4

670 (6th Cir. 2021) (a district court may start with the § 3553(a) factors). This Court considers all relevant § 3553(a) factors in rendering a compassionate release decision. *Jones*, 980 F.3d at 1114. The relevant § 3553(a) factors here are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes.

A word on one of the sentencing factors which the Court finds irrelevant here. Fox argues that his family circumstances provide extraordinary and compelling reasons for reducing his sentence under § 1B1.13. The sentencing factors in § 3553(a), to be sure, include pertinent policy statements issued by the Sentencing Commission, such as § 1B1.13. That statement provides that, upon a motion by the BOP director, a court may reduce a prison term if it determines (among other things) that extraordinary and compelling reasons warrant the reduction. Commentary notes 1.C and 1.D list certain "family circumstances" and "other reasons" as possible extraordinary and compelling grounds for reducing a sentence. U.S.S.G. § 1B1.13, cmt. n. 1. That policy statement, however, applies explicitly, and solely, to motions brought by the BOP director. U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons . . . ."); *id.* at cmt. n. 1.D ("As determined by the Director of the Bureau of Prisons . . . ."). This is why the Sixth Circuit has held that § 1B1.13 does not apply to defendant-filed compassionate-release motions. *Elias*, 984 F.3d at 519. And that reasoning applies when determining whether § 3553(a)(5) is a relevant sentencing factor. If § 1B1.13 does not apply to defendant-filed compassionate-release motions, then it is not a pertinent policy statement under §

5

3553(a)(5) when addressing such a motion. So the Court does not find that § 3553(a)(5) is one of the relevant sentencing factors.

In consideration of the relevant § 3553(a) factors, the Court recognizes Fox's commendable participation in several vocational and educational programs. It also acknowledges the caregiving role he might be able to provide if he were not imprisoned. But it considers too the nature and circumstances of the offense and the need for the sentence imposed. In the plea agreement, Fox accepted the statement of facts as true and correct (Doc. 19). The statement of facts reveals that Fox knowingly received several images and/or videos of child pornography, involving female children as young as four years old. He received or possessed over 600 pictures. Some were violent or sadistic. (Doc. 20.) Judge Beckwith sentenced him to 144 months of imprisonment. That sentence reflected then, and still reflects now, the seriousness of an offense involving young children. Upon consideration—to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from further crimes—the Court finds that the relevant § 3553(a) factors do not favor early release.

For these reasons, the Court **DENIES** the motion for compassionate release.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_
JUDGE MATTHEW W. McFARLAND