IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:13-cr-7 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| PAUL FOX, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 44) AND
TERMINATING AS MOOT THE PROPOSED ORDER GRANTING
COMPASSIONATE RELEASE (Doc. 41)**

---

This case is before the Court on Defendant Paul Fox's motion for reconsideration of compassionate release (Doc. 44) and his proposed order granting him compassionate release (Doc. 41).

The Federal Rules of Criminal Procedure do not provide for motions to reconsider, but courts adjudicating such motions in criminal cases typically evaluate them using the same standards applicable to a civil motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio 2014). Under Rule 59(e), motions to amend or alter judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). It is an extraordinary motion and, because it conflicts with the norm of finality, is rarely granted. *Robinson*, 5 F. Supp.3d at 936. It is

only proper if it contains an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not have been submitted previously, or points out a manifest error of fact or law. *Id.*

Fox points out that the Government was late in filing a response in opposition to his motion for compassionate release. This is true. But the Court made its decision largely on material already in the record and without significant reliance on the Government's response. To the extent the Court did consult the Government's response, it does not rise to a manifest injustice, because courts frequently provide extensions to briefing schedules. Ruling on matters after full briefing is one of the hallmarks of judicial decision-making. *See e.g., United States v. Terry*, No. CR 11-20752, 2021 WL 2226117, at *1 (E.D. Mich. June 2, 2021); *Bradley v. Hemingway*, No. 1:21-CV-10461, 2021 WL 2012839, at *2 (E.D. Mich. May 20, 2021). District courts have inherent power to control the disposition of the cases on their dockets, *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014), a power which includes the granting of extensions. Providing extensions on briefs is not to give any party an unfair advantage, but to guarantee that the Court has the necessary information before ruling on a matter. And, here, the Court constructively granted an extension to the Government by accepting its response in opposition after the deadline had passed.

Because Fox fails to point out a manifest injustice in the Court's order denying compassionate release, his motion for reconsideration is **DENIED** and his proposed order granting compassionate release is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND